IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

DEMITRIUS JONES,

    Plaintiff,

v.                                                      EP-18-CV-370-KC

POSTERITY ARORA JOINT VENTURE, LLC,
POSTERITY GROUP, LLC,
THE ARORA GROUP, INC., and
ABRAHAM TORRES,

    defendants.

## PLAINTIFF'S AMENDED COMPLAINT

1. Plaintiff complains of discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §2000e, et seq.

### Parties

2. Plaintiff is a male individual and Citizen of the State of Texas. Plaintiff is an employee.

3. Defendant Abraham Torres is an individual and a Citizen of the State of Texas that may be served with process at his place of employment, his abode, or wherever he may be found.

4. Defendant Posterity Arora Joint Venture, LLC, is a corporation that was served with process and entered its appearance. This defendant is an employer. Defendant Posterity Group, LLC, is a corporation that was served with process and entered its appearance. This defendant is an employer. Defendant The Arora Group, Inc., is a corporation that was served with process and entered its appearance. This defendant is an employer. These three defendants employed Plaintiff, or were his joint employer, and are collectively referred to as the Posterity Group. These three employers are joint employers because all three employers had direct and immediate control over

Plaintiff's employment terms. These three employers actually exercised the right to control Plaintiff. These three employers retained the right to control Plaintiff. Notably, two of these joint employers refer to themselves collectively in this litigation and are represented by the same counsel. According to Defendants, Defendant Posterity Arora Joint Venture, LLC ("PAJV") is a joint venture comprised of two owners: Posterity Group, LLC and The Arora Group, Inc. Plaintiff was employed by PAJV. Plaintiff was terminated. See Doc. 6-1 (¶¶3, 6).

## Exhaustion of Administrative Procedures

5.     Plaintiff complied with all necessary administrative prerequisites. Plaintiff timely filed his Charge of Discrimination, the EEOC issued him a Right to Sue on August 23, 2018, and he timely filed his original petition in state court on October 11, 2018.

## Jurisdiction and Venue

6.     Venue is proper in El Paso County, Texas, because this is a county where Defendants do business, where the discriminatory practices occurred, and where the acts and omissions complained about occurred. This action arises under Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. §2000e, et seq.

## Facts

7.     Posterity Group hired Plaintiff as site lead effective September 1, 2016.

8.     Plaintiff was then soon sexually harassed and discriminated against by defendants.

9.     Plaintiff opposed the sexual harassment.

10.    Defendants discriminated against Plaintiff because he is Black and also married to an Hispanic wife.

11.    Plaintiff opposed and complained of the discrimination and the sexual harassment,

including to the human resources' department of Posterity Group.

12. Defendants then retaliated against Plaintiff and subjected him to a Hostile Work Environment, that included assault, instigating hostility in attempt to force Plaintiff to resign, not allowing lunches with his wife, untrue write-ups, false allegations, false reasons and discriminatory discipline, following him into the bathroom, treating him differently, interfering with his work performance, preventing him from using the bathroom and even taking breaks, and even unfairly placing extra work on Plaintiff. Abraham Torres even assaulted Plaintiff.

13. On June 2, 2017, Posterity Group discharged Plaintiff in retaliation for opposing the sexual harassment and discrimination.

## Facts

### Count I
### Assault

14. Plaintiff incorporates all allegations made elsewhere in this petition.

15. Plaintiff was assaulted at work. This assault is separate and distinct from and in addition to the discrimination, harassment, and sexual harassment Plaintiff suffered at work. *See e.g. B.C. v. Steak N Shake Operations, Inc.*, 60 Tex. Sup. J. 493 (Tex. 2017). Defendants acted intentionally, knowingly, and recklessly. Defendants threatened Plaintiff with imminent bodily injury. Defendants' threats caused injury to Plaintiff.

### Count II
### Discrimination because of Sex

16. Plaintiff incorporates all allegations made elsewhere in this petition.

17. Posterity Group violated Title VII of the Civil Rights Act of 1964, as amended, and

codified at 42 U.S.C. 2000e, et seq.  As detailed above, Posterity Group committed unlawful employment practices because it intentionally discriminated against Plaintiff because of Plaintiff's Sex and Gender, male, by discriminating against him, subjecting him to a hostile work environment, and discharging him.

### Count III
### Discrimination because of Race and Color

18.     Plaintiff incorporates all allegations made elsewhere in this petition.

19.     Posterity Group violated Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 U.S.C. 2000e, et seq.  As detailed above, Posterity Group committed unlawful employment practices because it intentionally discriminated against Plaintiff because of Plaintiff's Race and Color, Black, by discriminating against him, subjecting him to a hostile work environment, and discharging him.

### Count IV
### Retaliation

20.     Plaintiff incorporates all allegations made elsewhere in this petition.

21.     Defendant Posterity Group violated Title VII of the Civil Rights Act of 1964, as amended, and codified at 42 U.S.C. 2000e, et seq.  As detailed above, Posterity Group committed unlawful employment practices because these defendants intentionally retaliated against and discriminated against Plaintiff because of his opposition to a discriminatory practice, filing of a charge of discrimination, filing a complaint, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing.  Posterity Group's retaliation against Plaintiff resulted in even more of a hostile work environment and ultimately in Plaintiff's discharge.

### Count IV
### Negligence

22.     Plaintiff incorporates all allegations made elsewhere in this petition.

23.     All defendants were negligent.  Posterity Group was negligent in hiring, supervising, training, and retaining employees, including Abraham Torres.  As employer, Posterity Group owed Plaintiff a legal duty to supervise, train and retain competent employees.  Posterity Group breached that duty.  Posterity Group' breach proximately caused Plaintiff's injuries and damages.  Defendants were negligent in the supervising, training, and retention of Torres because according to Defendants' Notice of Removal Exhibit 1, "Torres has had a history of altercations with other WBAMC personnel."  See doc. 1, Ex. 1, ¶8.c.  Even more specific, as indicated by Defendants, on April 25, 2017, at approximately 1500 hours, there was an altercation involving physical contact between Plaintiff and Torres.  Both accused each other of intentionally brushing/bumping into each other.  As indicated by Defendants, Plaintiff's statement:

    a.  After report during 2nd shift A. Torres was assigned as the shift lead.  A Torres approached D. Jones with an aggressive attitude and angry look on his face and told D. Jones he was going to work in the decontamination area.  D. Jones responded that is not the way you talk to people.  D. Jones' first instinct was to go home and use paid time off (PTO), because D. Jones felt A. Torres was going to make it hard for D. Jones.  As D. Jones went to retrieve his Common Access Card (CAC) D. Jones noticed A. Torres approaching.  D. Jones laughed at A. Torres because D. Jones knew that A. Torres was trying to get the best of D. Jones.  D. Jones assumed A. Torres was offended by D. Jones laughing because A. Torres began to speed walk towards D. Jones to make contact.  A. Torres brushed against D. Jones.  D. Jones relied, "Come on man.  Don't try to be cute bumping me."  A. Torres went out the door and notified R. Barbadillo that D. Jones shoved him when A. Torres walked past D. Jones.  D. Jones immediately said no

and to check the cameras.

    b. D. Jones accuses A. Torres of stereotyping D. jones; purposely walking into D. Jones and constantly trying to get a reaction out of D. Jones by using ridiculous tactics.

    V. Sifuentes requested Plaintiff to come to the office so he can notify Posterity Arora Joint Venture.

    Also brought up was that Torres has had a history of altercations with other WBAMC personnel.

    Verbal counseling was recommended which may include reviewing the Workplace Violence Prevention Policy with the parties involved or the entire unit, attending Consideration of Others Training and notification of HR and HR conducting an investigation. See Doc. 1, Ex. 1.

## Damages

24. As a direct and proximate result of the defendants' assault, discrimination, hostile work environment, and retaliation Plaintiff has been damaged in the form of lost wages and benefits in the past and future and compensatory damages in the past and future, which include emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other noneconomic losses.

25. Plaintiff has been damaged in an amount within the jurisdictional limits of this Court.

## Punitive Damages

26. Pursuant to Title VII Plaintiff is entitled to recover punitive damages from defendants for their actions as set forth above. Defendants acted with malice and engaged in discriminatory practices with malice and reckless indifference to the protected rights of Plaintiff. Plaintiff seeks punitive damages in an amount to be determined by the jury. Punitive damages are warranted

against each Defendant because Defendants discriminated against Plaintiff, subjected him to sexual harassment, and then retaliated against Plaintiff and subjected him to a Hostile Work Environment, that included assault, instigating hostility in attempt to force Plaintiff to resign, not allowing lunches with his wife, untrue write-ups, false allegations, false reasons and discriminatory discipline, following him into the bathroom, treating him differently, interfering with his work performance, preventing him from using the bathroom and even taking breaks, and even unfairly placing extra work on Plaintiff.

### Attorney Fees, Court Costs, and Expert Fees

27.     Pursuant to Title VII Plaintiff is entitled to attorney fees, costs of court, and expert fees.

### Conditions Precedent

28.     All conditions precedent have been performed or have occurred.

### Jury Demand

29.     Trial by jury was demanded and the applicable fee was paid.

### Prayer

30.     For these reasons, Plaintiff asks that defendants to be cited to appear and answer, and, on final trial, that Plaintiff have judgment against defendants, for a sum within the jurisdictional limits of this Court, for the following:

   a.   general damages;

   b.   special damages;

   c.   punitive damages as determined by the jury;

   d.   prejudgment interest as provided by law;

   e.   postjudgment interest as provided by law;

f.  attorney fees, expert fees, court costs and all costs of suit; and

g.  such other and further relief at law and equity to which Plaintiff may be justly entitled.

        Respectfully submitted,

        LAW FIRM OF DANIELA LABINOTI, P.C.
        707 Myrtle
        El Paso, Texas 79901
        (915) 581-4600
        (915) 581-4605 (facsimile)
        Daniela@LabinotiLaw.com

        */s/ Daniela Labinoti*_____
        DANIELA LABINOTI
        Texas Bar No.
        New Mexico State Bar No. 27422

        BRETT DUKE, P.C.
        4157 Rio Bravo
        El Paso, Texas 79902
        (915) 875-0003
        (915) 875-0004 (facsimile)
        brettduke@brettduke.com

        /s/ Brett Duke_____
        Brett Duke
        Texas Bar No. 24012599
        New Mexico Bar No. 14633

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was electronically filed and that service on known Filing Users will be accomplished through the NEF to all CM/ECF registered parties on the case.

        /s/ Brett Duke_____
        Brett Duke